

**ORDERED in the Southern District of Florida on June 24, 2011.**

_____
**A. Jay Cristol, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

TRADEWINDS AIRLINES, INC.,                              Case No. 08-20394-BKC-AJC

        Debtor,
_____/

BARRY E. MUKAMAL, as Chapter 7
trustee for TRADEWINDS AIRLINES, INC.,           Adv. Case No. 10-03352-AJC

        Plaintiffs,                                    **ADVERSARY PROCEEDING**

vs.

WORLD FUEL SERVICES, INC.,

        Defendant.
_____/

### MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WORLD FUEL SERVICE, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER comes before the Court on the Defendant World Fuel Service, Inc.'s

(the "Defendant") Motion for Summary Judgment, or, in the Alternative, for Partial Summary

Case No. 08-20394-BKC-AJC
Adv. Case No. 10-03352-AJC

Judgment [D.E. 42] filed in the above-styled preference adversary (the "Motion"), and Barry E. Mukamal, as chapter 7 trustee (the "Trustee") for the estate of Tradewinds Airlines, Inc.'s (the "Debtor"), opposition thereto. The parties have advised the Court that they have stipulated to the fact that $215,389.52 of the $595,606.69 which the Trustee seeks to avoid as preferential transfers is subject to the Defendant's new value defense and summary judgment will be entered accordingly based upon that agreement.

With respect to $99,011.73 of payments made by the Debtor to the Defendant during the 90-day period prior to the Petition Date, the Defendant claims these transfers are not avoidable as a result of being made in the ordinary course of business. Therefore, the Defendant is not seeking summary judgment with respect to these payments in the Motion.[1]

This leaves for the purpose of the Motion the issue of whether wire transfers totaling $292,732.67 sent by the Debtor to the Defendant during the preference period are transfers that are avoidable, as a matter of law, under 11 U.S.C. § 547. The Court, after due notice and a hearing held on April 7, 2011, and consideration of the court papers filed and submitted by the Defendant and the Trustee, denies summary judgment with regard to these transfers.

**A.**  *Undisputed Facts*

The Debtor filed for bankruptcy protection pursuant to Title 11 of the United States Code (the "Bankruptcy Code") on July 25, 2008 (the "Petition Date"). Thereafter the case was converted to a Chapter 7 on October 31, 2008 and the Trustee was appointed.

The following Transfers were made by the Debtor to the Defendant during the preference period (between April 26, 2008 and the Petition Date):

---

[1] The issue of whether the Debtor's payments totaling $99,011.73 made to the Defendant during the 90-day period prior to the Petition Date constitute avoidable preferential transfers under 11 U.S.C. § 547 will subsequently be brought before the Court for a trial on the merits.

2

| Check No. | Date | Amount |
|---|---|---|
| 486252 | 05/27/2008 | $23,238.67 |
| 486279 | 05/29/2008 | $27,543.01 |
| Wire | 06/03/2008 | $7,472.26 |
| Wire | 06/04/2008 | $21,272.11 |
| Wire | 06/04/2008 | $16,716.49 |
| Wire | 06/04/2008 | $25,342.76 |
| Wire | 06/03/2008 | $49,022.39 |
| Wire | 06/06/2008 | $117,732.67 |
| Wire | 06/06/2008 | $132,267.33 |
| Wire | 06/13/2008 | $175,000.00 |

The Defendant received a total of $595,606.69 in payments from Debtor during the 90-day period prior to the Petition Date.

The Trustee and Defendant do not dispute that the Defendant provided subsequent new value pursuant to 11 U.S.C. § 547(c)(4) in the amount of $215,389.52. Thus, the total amount at issue in this preference action is $380,271.17. The Defendant admits that certain of these transfers totaling $99,011.73, after application of the undisputed new value defense, may be avoidable by the Trustee if the Defendant is not able to prove that these transfers are protected by the ordinary course of business defense. However, these are not the transfers now before the Court as they raise material issues of fact which must be determined at trial.

Case No. 08-20394-BKC-AJC
Adv. Case No. 10-03352-AJC

The transfers at issue are two payments (each made by wire transfer, a payment method seldom used by the Debtor outside the preference period), specifically $117,732.67 made on June 6, 2008 and $175,000,00 made on June 13, 2008 (collectively, the "Transfers"). The Defendant claims in its Motion these Transfers were prepayments for goods and services (with the exception of $11,527.23 which the Defendant admits was a payment of an antecedent debt) and thus, are not avoidable pursuant to § 547 of the Bankruptcy Code.

**B.**     *Summary Judgment Standard*

Pursuant to Fed. R. Civ. P. 56, as incorporated by Fed. R. Bankr. P. 7056, a court shall grant "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of proving that there is no dispute as to any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). In deciding a motion for summary judgment, all factual inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-588 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

**C.**     *Defendant Has Established a New Value Defense to the Extent of $215,389.52*

The subsequent new value defense, set forth in 11 U.S.C. § 547(c)(4), provides that a trustee may not avoid a preferential transfer:

> … to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor –
>
>> (A) not secured by an otherwise unavoidable security interest; and
>>
>> (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

The Defendant asserted that it sufficiently demonstrated (1) $215,389.52 of goods and services were furnished by Defendant to the Debtor subsequent to the date of the last of the Challenged Transfers; (2) Defendant did not receive any security interest in connection with its provision of these goods and services; and (3) no payment has been made for these goods and services (in other words, the full $215,389.52 remains due and owing). Subsequent to the hearing on the Motion, the Court was advised that Plaintiff agrees that Defendant has a new value defense to the Transfers in the amount of $215,389.52. Accordingly, it is appropriate for this Court to enter partial summary judgment in favor of Defendant on this issue.

**D.**     *Material Issues of Fact Exist with Respect to $281,205.44 in Transfers*

The Trustee disputes that the Transfers are prepayments and in support of his position, filed the Declaration of Sharmila R. Khanorkar [D.E. 52], in which declaration Ms. Khanorkar stated that the Debtor's records do not contain any documents that reflect that the Transfers were prepayments for goods and services. Conversely, the Defendant filed in support of the Motion, the Declaration of German Estrada [D.E. 43] (the "Estrada Declaration"), wherein Mr. Estrada states that the Transfers, with the exception of $11,527.23 which was applied to pay antecedent debt, were made in prepayment for goods and services. The Estrada Declaration does not include any documentation indicating that the Transfers were prepayments, such as an agreement between the Debtor and Defendant, account notes, correspondence or a note on any of the invoices attached to his declaration indicating that a prepayment was made for the goods and services reflected in an invoice. The Estrada Declaration is devoid of any documentation regarding the Transfers and merely contains evidence regarding the Defendant's alleged application of the Transfers within its own accounting system.

5

Case No. 08-20394-BKC-AJC
Adv. Case No. 10-03352-AJC

Furthermore, in paragraph 5 of the Estrada Declaration, Mr. Estrada states that the wire transfer of $117,732.67 was used to pay an antecedent debt of $11,527.23, and to prepay a $40,115.08 bill for goods and services incurred on June 17, 2008, and the "remaining $66,090.36 was in <u>partial</u> prepayment for jet fuel and other services that were provided nine days later, on June 15, 2008." [Emphasis added.] A partial prepayment was also made with the second wire transfer of $175,000. *See* Estrada Declaration at ¶ 6. Accordingly, it appears at least some antecedent debt was paid with both of the purported "prepayments."

There are simply too many unanswered questions remaining for the Court to find that there are no disputes as to material fact(s). The facts must be viewed in a light most favorable to the Trustee. As such, the Court must for purposes of the Motion, assume that there is a dispute over the existence and extent of the claimed prepayments.

The Transfers' application and status as prepayments for goods and services is a material fact that is necessary to determine whether the Transfers are preferential transfers and avoidable under 11 U.S.C. § 547. A genuine factual dispute exists as to the intent and treatment of the Transfers. As such, the Motion is denied.

It is

ORDERED AND ADJDUGED that the Motion is GRANTED IN PART and DENIED IN PART as set forth below:

1. Partial Summary Judgment is entered in favor of the Defendant with respect to $215,389.52, as the parties agree that $215,389.52 of the subject Transfers are subject to the new value defense.

2. Summary Judgment is denied with respect to all other Transfers and claims.

Case No. 08-20394-BKC-AJC
Adv. Case No. 10-03352-AJC

3. A further Pretrial Conference is scheduled for July 18, 2011, at which the Court will consider all pending matters and set a trial on the remaining issues regarding $380,217.17 in Transfers.

# # #

Submitted by:

Lynn Maynard Gollin, Esq.
GORDON & REES LLP
Attorney for the Trustee/Plaintiff
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Fl 33131
Tel. No.: 305.428.5319
Fax. No.: 877.644.6208


Copy furnished to:

Lynn Maynard Gollin, Esq. *(Attorney Gollin is directed, pursuant to Local Rule 5005-1, to serve conformed copies of this Order upon all parties in interest, and to file a Certificate of Service with the Court confirming such service.)*